CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2017 OCT 12 PM 4:19

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUSTIN TURCHECK, Prisoner ID # 48264-177, | § § § | |
| Plaintiff, | § § | |
| v. | § | No. 1:16-CV-0061-BL |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

The Court has under consideration Defendant's Motion to Dismiss (doc. 20) and a letter by pro se Plaintiff Justin Turcheck that has been docketed as a Motion for Monetary Reimbursement (doc. 26). Other than the filing construed as a motion, Plaintiff has not responded to the motion to dismiss. Similarly, Defendant has filed no response to the letter of Plaintiff. Both motions are ready for ruling. This action has been referred pursuant to 28 U.S.C. § 636(b) and the Amended Special Order No. 3-301. Because the parties have not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation and directs that this case be reassigned to Senior District Judge Sam R. Cummings.

### I. BACKGROUND[1]

On May 14, 2014, the government indicted Plaintiff on three counts related to child pornography. *See United States v. Turcheck*, No. 1:14-CR-025-P (N.D. Tex.) (indictment, doc. 1). A Forfeiture Notice in the indictment lists five items that are subject to forfeiture, including a Samsung laptop computer and a 500 gigabyte My Passport external hard disk drive. *See id.* at 4. Furthermore,

---

[1] The factual background is either uncontested or viewed in a light most favorable to Plaintiffs in accordance with the applicable standard for considering motions to dismiss.

in his plea agreement, Plaintiff agreed "not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause." *See id.* (Plea Agreement, doc. 19). The criminal judgment entered by the Court on November 14, 2014, states that Plaintiff shall forfeit the Samsung laptop and My Passport external hard drive to the United States. *See id.* (Judgment, doc. 40). Pursuant to Fed. R. Crim. P. 41(g), Plaintiff filed a motion for return of property in his federal criminal action. *See id.* (motion, doc. 44).

In April 2016, the Court directed the filing of this civil action after construing the motion as a civil equity proceeding because the criminal proceedings had terminated. *See id.* (order, doc. 47); Order (doc. 2). Plaintiff seeks return of (1) a Toshiba Laptop computer; (2) a Seagate 500 gigabyte hard drive and any and all personal photos, tax documents, schoolwork, business records, and any non-contraband personal property stored on it; (3) a Samsung laptop computer; and (4) a My Passport External Hard drive and all personal photos, tax documents, legally purchased and obtained software, audio files, and all other non-contraband personal property stored on it. Compl. (doc. 1) at 1. He alleges that items 1 and 2 "were the sole property of his, now, ex-wife [and] were not used in the connection of the crime for which [he] is currently serving a prison sentence." *Id.* at 3-4. He concedes that he received and responded to an Administrative Forfeiture Notice thus indicating that he did, indeed, have an interest in the return of the aforementioned property." *Id.* at 4. He further concedes that his petition for return of property was denied by the U.S. Customs and Border Protection Department allegedly due to a continuing interest in pursuing criminal charges against him. *Id.*

On May 30, 2017, Defendant moved to dismiss this action (doc. 20), with a brief in support (doc. 21), and an appendix (doc. 22) with eight exhibits. The next day, Defendant filed a supplemental document (a declaration of Steve McGuirk, doc. 23) to support the motion to dismiss. Defendant does not invoke any particular rule for its motion, but argues that Plaintiff lacks standing to seek return of items 1 and 2, because he has conceded that they were the sole property of his ex-wife. With respect to items 3 and 4, Defendant asks the Court to take judicial notice of court records from Plaintiff's criminal case that they were forfeited during the criminal case. Defendant also provides several exhibits to show that all four items were subject of Homeland Security Customs and Border Protection (CBP) forfeiture that denied Plaintiff's petition for return of the items.

In response to Defendant's motion, Plaintiff explained that (1) he has tried to recover his property for more than a year, (2) the declaration made him aware that he had available avenues to contest the forfeiture of his property, and (3) the sought "property is most likely not available any more," and respectfully requests that the Court consider some form of reimbursement to him for the lost property that was valued at $1,184.72.

## II. APPLICABLE LEGAL STANDARD

The Federal Rules of Civil Procedure provide various mechanisms to dismiss claims or an entire action. Defendant's motion appears to invoke Rule 12(b)(1) based on its arguments about standing and Rule 12(b)(6) based upon its other arguments. To the extent Defendant invokes Rule 12(b)(6), the Court should remain mindful of Rule 12(d), which requires treating a motion as one for summary judgment under Rule 56, if the Court does not exclude presented matters that lie outside the pleadings. For that reason, the undersigned does not consider matters outside the pleadings while considering Defendant's motion under Rule 12(b)(6).

## III. JURISDICTION

Defendant argues that Plaintiff lacks standing to pursue return of items 1 and 2, because the items were solely property of his ex-wife. Plaintiff does not contest the facts underlying the argument.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

Courts may dismiss for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (same). "The Fifth Circuit distinguishes between a 'facial' attack and a 'factual' attack upon a complaint under Rule

4

12(b)(1)." *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 801 (N.D. Tex. 2003) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000); *accord Anderson Energy Grp. (Ohio), LLC v. Endeavor Ohio, LLC*, No. 3:13-CV-1784-P, 2014 WL 12580470, at *4 (N.D. Tex. Mar. 26, 2014). If the movant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

"Generalizations about standing to sue are largely worthless as such." *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp*, 397 U.S. 150, 151 (1970). The one necessary generalization, however, "is that the question of standing in the federal courts is to be considered in the framework of Article III which restricts judicial power to 'cases' and 'controversies.'" *Id.* Article III of the Constitution establishes a "threshold requirement . . . that those who seek to invoke the power of federal courts must allege an actual case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974). "The standing inquiry focuses on whether the plaintiff is the proper party to bring this suit, although that inquiry 'often turns on the nature and source of the claim asserted.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted and quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

To resolve ambiguity with respect to whether features of standing are required by Article III

5

rather than being judicially self-imposed limits on the exercise of federal jurisdiction, the Supreme Court has set out the "irreducible constitutional minimum" requirements of Article III standing. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-72 (1982). Three elements comprise these minimum requirements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) *as revised* (May 24, 2016); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Quoting *Allen v. Wright*, 468 U.S. 737 (1984),[2] some cases characterize the third element as "likely to be redressed by the requested relief." *See, e.g., Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 678 (2016), as revised (Feb. 9, 2016) (Roberts, C.J., dissenting); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *Raines*, 521 U.S. at 818.

In this case, Plaintiff has admitted that he has no ownership interest in the two items that belong to his ex-wife. Consequently, he has suffered no injury from any failure to return the items to him. No favorable decision in this case will redress Defendant's failure to return those items to him. Accordingly, the Court should find that Plaintiff lacks standing to pursue this action to the extent he seeks items belonging to another person.

### IV. DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a means to dismiss asserted claims for "failure to state a claim for which relief can be granted." Every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is

---

[2] The Supreme Court abrogated *Allen* on other grounds in *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).

entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a Rule 12(b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, they "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.* "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). However, courts do not consider documents as part of the operative pleading, if it references a document that "is merely evidence of an element" of a claim. *Id.* (same). Furthermore, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). In addition, they "draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

555; accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated succinctly, to survive dismissal under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). The alleged facts must "nudge" an asserted claim "across the line from conceivable to plausible" to avoid dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 570. Courts do not focus on whether the non-movant will ultimately prevail; they instead focus on whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Under Fed. R. Crim. P. 41(g), a "person aggrieved . . . by the deprivation of property may move for the property's return." When the underlying criminal action has concluded, the courts properly construe such a motion "as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331." *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). Additionally, when "an administrative forfeiture is complete, a district court may review only whether the forfeiture comported with constitutional due process guarantees." *Id.* (quoting *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005)). Due process, furthermore, merely requires that a person with an interest in forfeited property "be sent notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them

an opportunity to present their objections.'" *Id.* at 738-39 (same).

Based on the allegations in Plaintiff's complaint, the Court should find the administrative forfeiture is complete, Plaintiff received notice of the forfeiture proceedings, and he had an opportunity to present his objections. Consequently, his claim for return of property fails to state a plausible claim upon which the Court can grant relief.

### V. DISMISSAL UNDER RULE 56

If the Court prefers to review the exhibits that Defendant provides, Fed. R. Civ. P. 12(d) requires treating the Rule 12(b)(6) motion as one for summary judgment under Rule 56. "Before a court may convert a motion to dismiss into one for summary judgment, it must provide adequate notice to the parties." *Bays v. United States*, No. 3:15-CV-1824-B, 2016 WL 2983675, at *2 (N.D. Tex. May 24, 2016); *accord* Fed. R. Civ. P. 12(d) (requiring that all parties "be given a reasonable opportunity to present all the material that is pertinent to the motion").

The Court, however, need not provide "'express notice' that it intends to treat a motion to dismiss as a motion for summary judgment; instead, 'the simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment.'" *Bays*, 2016 WL 2983675, at *2 (quoting *Mackey v. Owens*, 182 F.3d 915 (table), 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (per curiam) (unpublished)). Because Defendant filed its appendix in support of its motion to dismiss, Plaintiff "received adequate notice that the Court might convert the Government's Motion into one for summary judgment." *Id.* In addition, this recommendation itself provides additional notice of such intent.

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

9

law." "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering motions for summary judgment, courts view the record and all reasonable inferences drawn from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Among the exhibits submitted to the Court is a declaration of paralegal specialist for the U.S. Customs and Border Protection. *See* Doc. 23. Per that declaration, both Plaintiff and his ex-wife received notice of the forfeiture proceedings that are now complete. The other exhibits likewise confirm what was apparent from the allegations in the complaint – Plaintiff has no viable due process claim against Defendant. Viewing the record in accordance with the summary judgment standard, the Court should find that Defendant is entitled to summary judgment, if the Court decides to consider matters outside the pleadings.

## VI. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Id.* Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

It is recommended that the Court dismiss Plaintiffs' claim for return of property without leave

10

to amend. He has pled his best case. The Court should also deny Plaintiff permission to amend his complaint to add a claim for monetary damages. The Fifth Circuit has held that an award of money damages is not available through an action for return of property. *See Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). The United States enjoys sovereign immunity as to such claim. *Id.* Although *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, (1971), or other applicable law, may provide a basis for a claim for monetary damages in some instances, *see Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (recognizing that, on remand, the district court should consider allowing the plaintiff an opportunity to amend his pleadings to assert a claim under *Bivens* or other applicable law), the facts of this case do not warrant leave to amend. Plaintiff has no standing to assert any claim with respect to the two items belonging to his ex-wife and the other two items were properly forfeited to the government in accordance with the judgment entered in Plaintiff's criminal case. Neither *Bivens* nor any other applicable law provides a plausible basis for relief under the facts of this case. Consequently, the Court should deny the motion for monetary reimbursement and deny leave to amend.

## VII. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss (doc. 20) under Fed. R. Civ. P. 12(b)(1) and (6), or alternatively, under Fed. R. Civ. P. 12(b)(1) and 56. It is further **RECOMMENDED** that the Court **DENY** the Motion for Monetary Reimbursement (doc. 26) whether it considers the filing as a request to amend or any other request or motion. In light of the recommended dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

11

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 12th day of October, 2017.**

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE